| | |
|---|---|
| United States District Court | Southern District of Texas |

| | | |
|---|---|---|
| Reuben Huggins, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-07-3694 |
| Sun Life Assurance Company of Canada, | § § § | |
| Defendant. | § | |

## Opinion on Attorney's Fees and Interest

1. *Introduction.*

Two years after stopping work, a man requested long-term disability benefits from an insurer. He seeks pre-judgment interest on the long-term disability benefits and attorney's fees for his suit for short-term and long-term benefits. He is entitled to neither.

2. *Background.*

Reuben Huggins has chronic obstructive pulmonary disease, causing shortness of breath. On April 16, 2005, he stopped working and applied for short-term disability benefits from Sun Life Assurance Company of Canada. Sun Life paid them through May 22, 2005. It denied him further benefits on May 27, 2005, and he appealed on July 6, 2005. The appeal was denied on November 8, 2005.

Two years later, Huggins sued Sun Life for short-term and long- term benefits. Because Huggins had never applied for long-term benefits, the court stayed the case and ordered Huggins to apply. He did on March 5, 2008. His request was denied, but reversed on appeal. On July 16, 2009, Sun Life agreed to pay Huggins long-term disability benefits. Sun Life reversed its denial of short-term benefits on September 11, 2009, paying them and pre-judgment interest the next month.

Huggins wants Sun Life to pay him attorney's fees and pre-judgment interest on his long-term disability benefits. The parties agree that the Employee Retirement Income Security Act governs this suit.

3. *Discretion.*

"[T]he court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

Huggins says that Sun Life should pay his attorney's fees for pursuing his short-term and long-term disability claims. He says, first, that because Sun Life ultimately paid him, his suit succeeded on its merits. *Hart v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2159 (2010). Second, he says that an early judicial encrustation of the statute supports his claim for attorney's fees. The case's suggested considerations are whether (a) Sun Life acted in bad faith, (b) Sun Life is able to pay, (c) having to pay will deter others from acting similarly, (d) the claimant seeks to benefit other participants, and (e) one party's merits outweigh the other's. *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980) (questioned in *Hart*, 130 S. Ct. at 2158 n.8). These factors are wholly unrelated to the statute.

The text of the statute and this analysis do not allow populist reactions to be a determinant of recovery of legal fees. For an award of fees, the predicate is that the claimant must have succeeded. Secondarily, we consider the degree of success – the value accomplished by counsel's work – which includes the complexity of the work.

Huggins claims these bases:

- Bad faith. We do not consider whether the plan acted in bad faith. Huggins wants the court to infer venality from a decision that he thought wrong. Fees for counsel are to compensate the party for the transaction costs of seeking to reverse that decision.

- Ability to pay. We do not consider whether the financial intermediary is rich or poor. The absolute or relative wealth of the parties is unrelated to an assessment of the economic value or statutory predicate for an award of fees. They are alien to almost every interpretation of records and law.

- Deterrence effect. Huggins suggests that if one plan has to pay legal fees other plans will be deterred from acting as the first one did. The role of a fee award is to restore the worker, not achieve social justice. Punishing judgments about complex medical conditions and their effect on ability to work that on

reconsideration are reversed will only affect the cost of the plan – not the acumen of insurance

- Collateral benefits. If a claimant seeks to benefit other participants, their claims should be litigated. The nobility of his motivation does not increase the practical value of his lawyer's work.

- Better case. Presumably, the party whose merits outweigh the other's will be the party who won, making this an empty rationale.

4. *Success.*

Sun Life's decision to pay long-term benefits is not a "success on the merits." The district court did not thoroughly examine the evidence or remand the case. Instead of an order to review the record, this court simply gave Huggins an opportunity to apply for the benefits. This is something he should have done two years before, and it was the same thing he – not Sun Life – was required to do before this court or Sun Life could consider his case.

The reason behind Sun Life's decision to award short-term benefits after a final appeal and to reverse its long-term decision is unknown. At any rate, the court – having not considered the facts or ruled on anything – did not order or intend to influence Sun Life. Success on the merits requires more than the plan's decision to reverse its determinations after a suit is filed and stayed for the claimant's taking the essential preceding step of *applying* for long-term benefits.

Even assuming Sun Life's decision to pay was some success on the merits, Huggins has not shown that he is entitled to attorney's fees. *Bowen*, 624 F.2d at 1266. He has not shown bad faith by Sun Life. The only certain behavior was Huggins's ineptitude – an omission that his counsel should have caught before suing anyone – not Sun Life's venality. An award made after a denial of benefits is not evidence of bad faith; rather, it shows that the appeal process worked as intended.

5.  *Jurisdiction.*

In addition to showing no reason why the court should in its discretion award attorney's fees for Huggin's pursuit of long term benefits, the court has no authority to do so. Under ERISA, the awarding of attorney's fees is ripe only when a valid suit is filed.  *See* 29 U.S.C. § 1132(g)(1).

The statute permits attorney's fees only for "actions" – suits filed in a court of competent jurisdiction. *Id.*  For a court to have jurisdiction over an ERISA claim, all administrative remedies must have been exhausted. *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993). Because Huggins had not applied for long-term benefits before suing, he did not exhaust his administrative remedies. His suit for long-term benefits was premature. Legal fees are not permitted. *Schaffer v. Prudential Ins. Co. of America*, 301 F. Supp. 2d 383 (E.D. Pa. 2003).

6.  *Pre-judgment Interest.*

Huggins says he should recover pre-judgment interest on the long-term benefits because it will make him whole and encourage the prompt resolution of disputes. He says he has good cause for an award because he was substantially burdened for four years – from when he became disabled until Sun Life paid him.

Sun Life's review of his claim was reasonably prompt and accurate once Huggins applied. If anyone was late, it was Huggins. He waited two years to request long-term benefits and then waited almost six months to appeal the initial denial. Huggins offers nothing to support his lateness argument. Sun Life will not bear the costs of Huggins's delay. Because the decision was timely under both the policy and ERISA, Huggins is not entitled to pre-judgment interest.

7.  *Conclusion.*

The federal regulation of plans for workers has a simple goal: workers need to get the benefits for which they qualify. It does that by allowing an administrative process with limited judicial supervision, with both levels restricted to determining qualification. To see that plans do not have their assets diverted to assuage real and imaginary ills with weak or no standards, the law excludes expansion through equity or tortification. When the assets are not diverted, they are available for other workers who qualify. When the assets are diverted, the worker who

wins does not beggar the company or insurance carrier, as his lawyer argues; he beggars the guy at the next machine. An expanded range of claims against plans would shortly result in plans that are too expensive for companies to sponsor. Even Congress understood that claims for more than the prescribed benefit would destroy worker plans. Extra-statutory and inflated fees for counsel erode plans for workers as surely as every other claim beyond the plan's benefits.

Huggins will take nothing from Sun Life.

Signed on February 15, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge